# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GONZABA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE BOARD OF TRUSTEES OF THE SOUTHERN CALIFORNIA CONSTRUCTION LABORERS, et al.,<br><br>　　　　　Defendants. | CASE NO. 12-CV-2416- IEG (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE**<br><br>[Doc. Nos. 13, 14] |

Before the Court are Defendants' motions to dismiss the complaint with prejudice. For the reasons below, Defendants' motions are **GRANTED**.

## BACKGROUND

Plaintiff Raymond Gonzaba, proceeding *pro se*, alleges violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and related common law claims for negligence, breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing, all of which are premised on the purported underpayment of his deceased father's pension benefits to his now deceased mother. [Doc. No. 1.] Defendants, the pension funds who purportedly underpaid benefits to Plaintiff's mother, move to dismiss on grounds of, *inter alia*, preemption and lack of standing. [*See* Doc. Nos. 13, 14.]

## DISCUSSION

- 1 -

12cv2416

## I.     Plaintiff's Common Law Claims Are Preempted by ERISA

"ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1084 (9th Cir. 2009) (internal quotation omitted). "A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme." *Id.* The scope of the ERISA remedial scheme extends to any "civil action . . . to recover benefits due . . . under the plan." ERISA § 502(a), 29 U.S.C. §1132. Because Plaintiff's common law claims seek to recover such benefits purportedly due, they are preempted by ERISA and therefore **DISMISSED WITH PREJUDICE**.

## II.    Plaintiff Lacks Standing to Prosecute Claims Under ERISA

To state a claim under ERISA, "a plaintiff must fall within one of ERISA's [] specific civil enforcement provisions, each of which details who may bring suit and what remedies are available." *Paulsen*, 559 F.3d at 1072. "No one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized [under those provisions] to bring claims in federal court." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992). Plaintiff does not qualify under any of these categories. Plainly, he is neither the Secretary of Labor nor a plan fiduciary.[1] The only participant[2] alleged is his deceased father and the

---

[1] ERISA § 3(21), 29 U.S.C. 1002(21) defines "fiduciary" as a person who (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) has any discretionary authority or discretionary responsibility in the administration of such plan.

[2] ERISA § 3(7), 29 U.S.C. § 1002(7) defines "participant" as any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

only beneficiary,[3] his deceased mother. [*See* Doc. No. 1.] As Plaintiff does not fall within any of the categories specified in ERISA's civil enforcement provisions, he lacks standing to prosecute claims thereunder. *See Cripps*, 980 F.2d at 1265. Accordingly, Plaintiff's ERISA claims are hereby **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED** and Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** April 18, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

---

[3] ERISA § 3(8), 29 U.S.C. § 1002(8) defines "beneficiary" as "a person designated by a participant, or by the terms of any employee benefit plan, who is or may become entitled to a benefit thereunder."